UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHELLI L. FRANEK,
Plaintiff,

Case No. 1:18-cv-147
Dlott, J.
Litkovitz, M.J.

vs.

NCS PEARSON, INC., et al.,
Defendants.

**REPORT AND RECOMMENDATION**

This matter is before the Court on plaintiff's motion to voluntarily dismiss this action without prejudice. (Doc. 20). Defendants have not filed a response in opposition to plaintiff's motion.

If an answer has been filed and there is no signed stipulation of dismissal by all parties who have appeared in the action, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Unless the order states otherwise, a dismissal under Rule 41(a)(2) is "without prejudice." *Id.*

"[T]he purpose of Rule 41(a)(2) is to protect the nonmovant . . . from unfair treatment." *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009) (citing *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994)). Generally, a court does not abuse its discretion in granting a voluntary dismissal without prejudice unless "the defendant would suffer 'plain legal prejudice'" as a result of the dismissal as opposed to simply facing the possibility of a second lawsuit. *Id.* (quoting *Grover*, 33 F.3d at 718). To determine whether such prejudice would result, courts usually consider "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a

motion for summary judgment has been filed by the defendant." *Id.* (quoting *Grover*, 33 F.3d at 718).

Here, defendants have not filed any opposition to the motion for voluntary dismissal. After considering the factors identified in *Bridgeport Music*, the Court finds that dismissal without prejudice is appropriate in this case. Plaintiff has explained that she requests a dismissal because she has been unable to obtain representation following her counsel's withdrawal from representation in September 2018. (Doc. 20). The record shows that plaintiff has made unsuccessful efforts to obtain new counsel since that time. There is no evidence that plaintiff has not been diligent or that she has excessively delayed prosecuting this action. *See Bridgeport Music, Inc.*, 583 F.3d at 953. Further, there is no indication that defendants have undertaken extensive effort and expense related to trial preparation, which would cut against dismissing the lawsuit without prejudice. Defendants removed the case to federal court and filed an answer to the complaint, but they have not filed a motion for summary judgment or any other potentially dispositive motion. *See id.* Based on the balance of these factors, the Court finds that dismissal without prejudice is appropriate.

**IT IS THEREFORE RECOMMENDED THAT** plaintiff's motion to voluntarily dismiss the complaint (Doc. 20) be **GRANTED** and that this case be **DISMISSED WITHOUT PREJUDICE**.

Date: 2/6/19

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHELLI L. FRANEK
Plaintiff,

Case No. 1:18-cv-147
Dlott, J.
Litkovitz, M.J.

vs.

NCS PEARSON, INC., et al.,
Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas* v. *Arn*, 474 U.S. 140 (1985); *United States* v. *Walters*, 638 F.2d 947 (6th Cir. 1981).